CLARK et al. v. DURLAND.

(Supreme Court, Appellate Division, Second Department.   April 21, 1905.)

RES JUDICATA—REFORMATION OF INSTRUMENT.
    A decree reforming a deed so as to exclude certain property from the description is not binding on one not a party to the action.
    [Ed. Note.—For cases in point, see vol. 30, Cent. Dig. Judgment, §§ 1230–1233].

Appeal from Special Term, Orange County.
Action by Elizabeth Clark and another against Jesse Durland. From a judgment in favor of defendant, plaintiffs appeal.  Affirmed.

Argued before BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

William Vanamee (F. H. Van Houten, on the brief), for appellants.

M. N. Kane (John J. Beattie, on the brief), for respondent.

PER CURIAM.  The judgment for the defendant, rendered at Special Term, upon the second trial of this case, which now comes up for review, was required by the views expressed by this court upon the first appeal.  Clark v. Durland, 35 App. Div. 312, 55 N. Y. Supp. 14.  The additional evidence did not suffice to establish the plaintiffs' title.  The judgment obtained at their instance after the first trial of this action, reforming the deed from Mary A. Durland to Elizabeth Barrell and others so as to exclude from the description therein "eight and seventy one-hundredths acres of land covered by the waters of Wickham's Pond," etc., was not binding upon the defendant herein, as he was not a party to the action for reformation.  So far as the record in that action has any effect upon this litigation, it would appear rather to constitute an admission by all the parties to the deed which was sought to be reformed to the effect that it did in terms convey the 8.70 acres of land covered by the waters of the pond.  The learned judge at Special Term rightly concluded that the new proofs did not justify a different result from that formerly reached in this court, and it follows that the judgment now appealed from should be affirmed.